39    377
46    306
46    357
39    377
50    317
39    377
56    547
39    377
d76    434

THE SHARON TOWN COMPANY v. M. T. & G. MORRIS: *et al.*

1. MECHANICS' LIEN—*Foreclosure*—*Parties.*   In an action for the foreclosure of a mechanics' lien, all lien-holders and incumbrancers may be made parties, and all the issues in the case may generally be tried. in one trial and before one jury.

2. STATEMENT—*Affidavit.*   Where a mechanics'-lien statement of a firm. is signed by the firm-name and is sworn to by G. M., who states in. his affidavit that he is a member of the firm, *held*, sufficient.

3. ———— *Sufficient Statement.* Where a mechanics'-lien statement of a firm states that T. W. L. is the manager and the agent of the firm, and is signed and sworn to by T. W. L., and the affidavit states that he is the manager of the firm at Medicine Lodge, *held,* sufficient.

4. ———— *Sufficient Statement.* Where the statement for a mechanics' lien shows that the amount claimed is for "painting the Sharon Hotel, per contract of Oct. 7, 1885, $240," and from anything appearing in the case the amount claimed is itemized as nearly as practicable, *held,* sufficient.

5. ———— Damages cannot be proved by asking a witness how much a thing is or was damaged.

6. EVIDENCE—*Exclusion, not Error.* Where, in a mechanics'-lien case brought by certain sub-contractors, the court refused to permit the owner to show how much he had paid to other sub-contractors, *held,* under the circumstances, not to be material error.

7. ———— Further *held,* that no material error was committed in giving or refusing instructions.

### *Error from Barber District Court.*

ACTION to foreclose a mechanics' lien. Trial at the May term, 1886, before R. A. C., judge *pro tem.,* and by a jury. Judgment for plaintiffs *M. T. & G. Morris,* and for defendants Lee & Viele. The defendant *Town Company* brings the case here. The opinion states the material facts.

*Sankey & Campbell,* for plaintiff in error.

*C. I. Long,* for defendants in error M. T. & G. Morris; *A. L. Noble* for defendants in error Lee & Viele.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Barber county by M. T. & G. Morris, as sub-contractors, against D. M. Fisher, as the contractor, the Sharon Town Company, as the owner, and Lee & Viele, as other sub-contractors. The plaintiffs, M. T. & G. Morris, prayed in their petition for a personal judgment against Fisher for $395.69, and for the foreclosure of their mechanics' lien. Lee & Viele prayed in their answer and cross-petition for a personal judgment against Fisher for $240, and for the foreclosure of their mechanics' lien. Other pleadings were filed in

the case by the several parties. A trial was had before the court and a jury, and judgment was rendered in favor of the plaintiffs and of Lee & Viele, in accordance with the prayers of their respective pleadings; and the Sharon Town Company complains, and as plaintiff in error brings the case to this court for review, making M. T. & G. Morris and Lee & Viele defendants in error. The plaintiff in error, the Sharon Town Company, sets forth in its petition in error twenty-seven alleged errors; but these supposed errors may be considered in groups, and will be so considered, and not separately.

I. In an action for the foreclosure of a mechanics' lien, all lien-holders and incumbrancers may be made parties, and all the issues in the case may generally be tried in one trial, and before one jury. (Mechanics'-Lien Law of 1871, § 5; Comp. Laws of 1885, ch. 80, § 634.) Such has always been the practice in this state. There was no error in this case in trying all the issues at one and the same time, and before one and the same jury.

II. The mechanics'-lien statement of M. T. & G. Morris is signed by "M. T. & G. Morris," and is sworn to by "G. Morris," who states in his affidavit that he is a member of the firm of M. T. & G. Morris. This is certainly sufficient. (*Deatherage v. Woods*, 37 Kas. 60.)

III. The mechanics'-lien statement of Lee & Viele is signed by Thomas W. Lewis, who is stated to be the manager and the agent of Lee & Viele, and it is sworn to by the same Thomas W. Lewis who states in his affidavit that he is the manager of the firm of Lee & Viele at Medicine Lodge. This is also sufficient. (*O'Keef v. Seip*, 17 Kas. 141; *Delahay v. Goldie*, 17 id. 263.)

IV. That portion of the mechanics'-lien statement filed by Lee & Viele, which sets forth the amount claimed by them, and the items thereof, is as follows: "1885. October 22d. *D. M. Fisher to Lee & Viele, Dr.*, To painting the Sharon Hotel, per contract of October 7, 1885, $240." We think

this statement is sufficient. Lee & Viele claim a lien for $240 for painting the Sharon Hotel, and this impliedly upon a contract in which it is stipulated that they were to have $240 for their work. From anything appearing in the case, the amount claimed is itemized as nearly as practicable.

V. It is claimed that the court below erred in the exclusion of evidence. Counsel for the Sharon Town Company asked one of their witnesses, William Garrison, a member of the Sharon Town Company, the following question: "You may state in what amount, if any, the Sharon Town Company was damaged by the failure on the part of D. M. Fisher, the original contractor, to complete the roof on said hotel according to contract?" The question was objected to, and the court refused to permit it to be answered. There was no error in this. Damages cannot be proved by asking a witness how much a thing is or was *damaged*. ( *W. & W. Rld. Co. v. Kuhn,* 38 Kas. 675.) Besides, it was not shown that Fisher had failed to complete any part of the hotel under his contract.

VI. Counsel for the Sharon Town Company also asked the same witness the following question: "You may state the amount you have paid out to the sub-contractors for labor and material furnished in and about the building of the said Globe Hotel, under your contract with the said D. M. Fisher." This question was also objected to, and the court refused to permit the question to be answered. We cannot say that there was any error in this. What other contractors there were, or whether there were any or not, or whether there were any other lien-holders or not, is not shown, and no claim is made that any considerable sum was paid to sub-contractors. Fisher was to have $3,500 for building the hotel, and the claims of the plaintiffs, M. T. & G. Morris, and the defendants, Lee & Viele, in the aggregate, amount to only $635.69; hence it could make no possible difference under any interpretation of the law as to how much the Sharon Town Company paid to the sub-contractors, unless they paid more than the difference between $3,500 and $635.69, to wit, $2,864.31. No claim is made that they paid any such amount to the sub-contractors,

or to any persons; and no claim is made that the building cost to construct it more than the contract-price; and the contract-price is always considered as a fund from which the sub-contractors, (such as the plaintiffs and Lee & Viele were,) are entitled to receive their pay, provided, of course, that they properly file their mechanics'-lien statements. (*Clough v. McDonald*, 18 Kas. 114, 118.) No contractor or sub-contractor has any lien on this fund unless he properly files his mechanics'-lien statement.

VII. It is further claimed by counsel for the Sharon Town Company, that the court below erred in giving and in refusing instructions to the jury. It is certainly not shown, however, that any material error was committed. The evidence introduced in the court below has not been brought to this court. Whether any of the instructions given were erroneous, or any of the instructions refused correct as abstract propositions of law, it is unnecessary to decide, for under the facts of the case as shown by the record brought to this court, no material or substantial error was committed in either giving or refusing instructions.

The judgment of the court below will be affirmed.

All the Justices concurring.