H. E. Van Laer *et al.* v. The Kansas Trip-hammer Brick Works *et al.*

No. 8167.

1. Several Actions—*Consolidation for Trial.* Two mechanics' liens were filed upon an entire tract, and other mechanics' liens were filed and mortgages were executed upon specific subdivisions of the same tract, and several actions were commenced in the district court to foreclose the mechanics' liens and the mortgages. *Held,* That it was proper to consolidate them for the purpose of trial.

2. New Trial—*Time for Filing Motion.* In computing the time allowed for filing a motion for a new trial, an intervening Sunday must be included; and, where such motion is filed on the Wednesday next succeeding the Saturday on which the final decision was rendered, it is not within the three days prescribed by law.

3. Appeal—*Parties.* There can be no review of a judgment in the absence of a party to it who may be prejudicially affected by its modification or reversal.

*Error from Wyandotte District Court.*

Separate actions between The Kansas Triphammer Brick Works and others and H. E. Van Laer and others to foreclose mechanics' liens and mortgages. The actions were consolidated, and from the judgment rendered H. E. Van Laer and others bring error. The opinion was filed March 7, 1896.

35—56 KAS.

*Palmer & Palmer*, and *Wheeler & Switzer*, for plaintiffs in error.

*McGrew, Watson & Watson*, for defendants in error Kansas Triphammer Brick Works, Wyandotte Coal Company, and Roach & Riner Manufacturing Company.

*C. H. Nearing*, and *Karnes, Holmes & Krauthoff*, for defendant in error Kansas City Mantel Company.

*Junius W. Jenkins*, for defendant in error Ehret-Warren Manufacturing Company.

*N. F. Heitman*, for defendants in error Melville & Faulhaber.

The opinion of the court was delivered by

MARTIN, C. J.: I. Truitt, being the owner of nine lots lying together in Kansas City, Kan., in 1888, planned the improvement of the same by building six double houses thereon. He entered into contracts with several parties to perform work and furnish materials therefor. He also executed six several mortgages to Bowman, to cover each house with the contiguous ground, and, at the same time, six second mortgages to Ball on the same properties. Truitt afterward sold four of the properties to different parties, and he mortgaged the other two to Caryl, this being the third mortgage, in order of time, upon said two properties. Mechanics' liens were filed afterward upon these six several properties, and the Kansas Triphammer Brick Works and the Wyandotte Coal Company filed single liens covering all the properties. Certain of the first and second mortgages were assigned, and seven separate suits were filed in the district court to foreclose said mortgages and mechanics' liens. For the purpose of trial, these several actions were consolida-

ted, and, as two of the liens covered the undivided property, it was proper to try all the cases together. (Civil Code, §§ 83, 636; *Town Co. v. Morris*, 39 Kan. 377; *Johnson v. Keeler*, 46 id. 304.)

II. The record shows that final judgment was rendered on February 21, and the motions for a new trial were not filed until February 25, 1891. One of the four attorneys interested in obtaining a new trial filed an affidavit to the effect that two of his associates resided at Topeka, and that he did not ascertain their wishes as to motions for a new trial until Wednesday, February 25, and that by reason of illness in his family, and being engrossed in business in the United States circuit court at Kansas City, Mo., on February 24, he was unable to file the motions until the 25th, this being the third day, excluding Sunday, after the decision was rendered. The court found that the motions were filed in due time, but there is no finding of fact to the effect that their earlier filing was " unavoidably prevented" (Civil Code, § 308) ; and we think the showing insufficient for that purpose. The judgment was rendered on Saturday, however, and the plaintiffs in error contend that the Sunday following should be excluded from the computation, thus allowing three court days after the date of the judgment for filing the motions. This would be allowable in Missouri, Georgia, and perhaps some other states. (*National Bank v. Williams*, 46 Mo. 17 ; *Cattell v. Publishing Co.*, 88 id. 356 ; *Neal v. Crew*, 12 Ga. 93.) Our statute governing the subject (Civil Code, §722) enacts that " the time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." Under identical statutes, in New York and Indiana, it has been held, that while Sunday is excluded

if the last day, yet it is included if an intervening day. (*Taylor v. Corbiere*, 8 How. Pr. 385, and cases cited; *English v. Dickey*, 128 Ind. 174, 182.)    We hold the latter to be the true construction of our statute, and, although not expressly decided, it has been assumed by the court and accepted generally by the profession as the correct interpretation.    The legislature, having Sunday in mind, provided for its exclusion when the last day, and it is presumable that its inclusion was intended when an intervening day.    In *Schultz v. Clock Co.*, 39 Kan. 334, 336, 337, where three days' notice was necessary to revive a dormant judgment rendered by a justice of the peace, and the notice was served December 11, for hearing December 14, 1885, it was held sufficient, and no attention was paid to the fact that December 13 was Sunday.    In *Mercer v. Ringer*, 40 Kan. 189, a verdict was rendered April 23, 1887, and a motion for a new trial reached the post office of the clerk on the evening of April 26, but he did not receive and file it until the next morning, and it was held that the motion was out of time.    But as April 24, 1887, was Sunday, the motion was in time, if that day should be excluded from the computation.    Indeed, that case was just like this as to days of the week, for the judgment was rendered on Saturday, and the motion for a new trial was filed on Wednesday.    Upon the theory of the plaintiff in error, the cases cited from 39 Kan. (18 Pac.), and 40 Kan. (19 Pac.), were erroneously decided.    We think, however, that the decisions were correct, and that an intervening Sunday should be included, but if Sunday is the last day it must be excluded.    The motions being out of time, errors for which a new trial might be granted are not reviewable.

III.   Caryl set up his mortgage, and it was adjudged

to be the last in order of the incumbrances on the two properties covered by it. Some persons who were parties in the court below are not brought into this court — Caryl among the number ; and a motion to dismiss upon several grounds, including the want of necessary parties, is urged upon our attention. Caryl, although litigating in the court below, took no exceptions to its rulings. It is said that he could not be injured, but would be benefited by the setting aside of the mechanics' liens. He could not be benefited, however, as to the several liens affecting only the properties covered by his mortgage, for he made no complaint of the same, and they must be held valid as against him in any event, and it makes no difference to him whether the mechanics' liens are prior or subsequent to the first- and second-mortgage liens. But, as to the general or "blanket" liens of the Kansas Triphammer Brick Works and the Wyandotte Coal Company, Caryl might suffer great loss by the four other properties being relieved from them ; for, as they are entire, they cannot be apportioned, and must attach to whatever property they may cover. There can be no review of a judgment in the absence of a party to it who may be prejudicially affected by its modification or reversal. We therefore hold that no readjustment of the liens can be made in the absence of Caryl. (*Loan Co. v. Lumber Co.*, 53 Kan. 677 ; *Norton v. Wood*, 55 id. 559 ; *Investment Co. v. National Bank*, ante p. 49, 42 Pac. Rep. 321.)

The case will be dismissed for want of necessary parties.

All the Justices concurring.