OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE
GOVERNOR.

In the matter of Time within which to exercise the Veto
Power.

MAY 26, 1922.

*(1) Constitutional Law. Amendments.*

In proposing and approving articles of amendment to the constitution the general assembly is presumed to have had in mind certain rules of interpretation which in this State had been long established by judicial decisions when the article was proposed and submitted to the people, and the article should be construed in accordance with such rules.

*(2) Time. Sundays.*

The established rule in this State in computing a period of time within which an act is to be done, is that unless a different intention is expressly or clearly indicated Sundays are counted, except when the last day falls on Sunday.

*(3) Time. Interpretation of Constitution.*

In interpreting a provision of the constitution, no meaning other than the natural and ordinary meaning of the language used can be given it, unless

such construction would lead to an unjust or otherwise unreasonable result manifestly not intended.

*(4)   Constitutional Law.   Time.   Sundays.*

Art. XV, Amend. Const. R. I. in part provides:   "If the measure shall not be returned by the governor within six days (Sundays excepted) after it shall have been presented to him, the same shall become operative unless the general assembly, by adjournment, prevents its return, in which case it shall become operative unless transmitted by the governor to the Secretary of State, with his disapproval in writing, within ten days after such adjournment."—

*Held,* that in computing the period allowed the governor to return a measure with his disapproval thereof, Sundays should be included except a Sunday which happened to be the tenth day.

*(5)   Time.   Sundays.*

When the first day of a period is Sunday, that day should be included in the computation of time within which an act is to be done.

MAY 26, 1922.

*To His Excellency Emery J. San Souci, Governor of the State of Rhode Island and Providence Plantations:*

We have received Your Excellency's request for a written opinion upon the question involved in your communication of May 9, 1922, which is as follows:

*"To the Honorable the Justices of the Supreme Court of the State of Rhode Island:—*

I hereby respectfully request your opinion upon the following question of law:

The General Assembly, on the legislative day, April 21, 1922, passed House Bill No. H 823 Substitute 'A,' entitled, 'AN ACT To Secure More Adequate Economic Support and More Efficient Administration of Public Education, and Amending Chapters 40, 63, 64, 65, 66, 67, 68, 72, 73, 74 and 101 of the General Laws and Chapters 458 of the Public Laws of 1909, 947 of the Public Laws of 1913, 1201 of the Public Laws of 1915, 1492 of the Public Laws of 1917, and 1794 of the Public Laws of 1919, and All Amendments Thereof and in Addition Thereto.'

and on the same legislative day adjourned *sine die.*

This bill was presented to the Governor for his consideration on the same legislative day.   On May 3, 1922, the Governor transmitted the bill to the Secretary of State with his disapproval in writing.

Article 15 of Amendment to the Constitution of the State in part provides:—

> 'If the measure shall not be returned by the governor within six days (Sundays excepted) after it shall have been presented to him, the same shall become operative unless the general assembly, by adjournment, prevents its return in which case it shall become operative unless transmitted by the governor to the Secretary of State, with his disapproval in writing, within ten days after such adjournment.'

Two Sundays occurred between the twenty-first day of April, 1922 and May 3, 1922, and the Governor returned the bill on said May third, understanding that Sundays were to be excepted from said ten day period.   Question has arisen as to whether said two Sundays were to be excluded in computing said period of ten days after the adjournment of the General Assembly.

Therefore the question is:   Was the said action of the Governor in vetoing said bill within the time specified effective, or did said bill become a law notwithstanding?

EMERY J. SAN SOUCI,
May 9, 1922.      *Governor of the State of Rhode Island.*"

We have also received your communication dated May 13, 1922, in which you state supplemental facts, as follows: (1) that although the records of the general assembly show that said general assembly adjourned on the legislative day of Friday, April 21, 1922, said records also show that said general assembly adjourned on the calendar day of Saturday, April 22, 1922; (2), "that the day after said April 22, the day after said actual adjournment, was Sunday," and request our opinion upon the following questions as incidental to the main question in your said request dated May 9, 1922:

"(1) Is the day of the adjournment of the General Assembly, from which the period of 'ten days after such adjournment' is required by said constitutional veto, provision to be computed, the legislative day of adjournment, or the calendar or natural day on which as a matter of fact the General Assembly actually adjourned?

"(2) If the calendar or natural day on which as a matter of fact the General Assembly actually adjourned is held to be the day of adjournment of the General Assembly for the purpose of said constitutional provision, is Sunday, the next day after the day of said actual adjournment, to be computed in said period of ten days?"

Our answer to the question in your communication of May 9, 1922, is that the action of the Governor in vetoing said bill was not effective and that said bill became operative. We answer the second question contained in your supplemental communication in the affirmative. In view of the above answers we have deemed it unnecessary to consider the first question contained in your supplemental communication.

The questions involve the interpretation of the last sentence of Section 1 of Article XV of Amendments to the Constitution of this State. Said Article XV was adopted in November, 1909. As all amendments to our constitution are proposed by one general assembly and approved by the succeeding general assembly before being submitted to the people for adoption or rejection (See Const. R. I. Art. XIII), two general assemblies considered the language of said Article XV now under consideration. In proposing and approving said article containing said language said general assemblies are presumed to have had in mind certain rules of interpretation which in this state had been long established by judicial decisions when said article was proposed, and submitted to the people. We think said article should be construed in accordance with said rules.

It is held in a few jurisdictions, when an intention is not otherwise expressed, that Sunday is excluded in computing

a period of time less than one week and it has been held in some states, by applying the rule of construction adopted in the particular jurisdiction, that the intention was to give (2) the governor as many working days to consider bills after the legislature adjourned as he had when it was in session and that it was necessary to exclude Sundays in order to effectuate that intention. No such question arises in the case under consideration and it was never the rule in this state to exclude Sundays in computing periods of time of less than one week. The rule which was early established and which has been consistently followed in this State is that unless a different intention is expressly or clearly indicated Sundays are counted in computing periods of time except when the last day falls on Sunday and we think this rule is consistent with the weight of authority. In *Barnes* v. *Eddy*, 12 R. I. 25, this court, at page 26, said: "The cases on this point are not entirely harmonious, but we think the better rule is that which is laid down *In the matter of Goswiler's Estate*, 3 Pa. 200. The rule is this: 'Whenever by a rule of court or an act of the legislature a given number of days are allowed to do an act, or it is said an act may be done within a given number of days, the day in which the rule is taken or the decision made is excluded, and if one or more Sundays occur within the time they are counted unless the last day falls on Sunday, in which case the act may be done on the next day.'" See also *Franklin* v. *Holden*, 7 R. I. 215; *Casey* v. *Viall*, 17 R. I. 348; *West* v. *West*, 20 R. I. 464; *Beebe* v. *Greene*, 34 R. I. 171. If we apply the above rule it is clear that had the words "Sundays excepted" not been inserted the words "six days" would mean six calendar days and Sunday would not be excluded except when the last day fell on Sunday and the words "ten days" would mean ten calendar days Sundays *included*, excepting Sunday which happened to be the tenth day. The natural meaning of the sentence which we are asked to construe is the same as it would be had the words "(Sundays *included* except a Sunday which happens to be the tenth day)" been inserted

(3) immediately after the words "within ten days." In interpreting a provision of the constitution we are not at liberty to give the language of that instrument any meaning other than the natural and ordinary meaning of the language used unless such construction would lead to an unjust or otherwise unreasonable result manifestly not intended.

Section 19 of Chapter 32, G. L. 1909, which was in force and had been for many years when said Article XV of the Amendments was proposed, is as follows: "Sec. 19. Every statute which does not expressly prescribe the time when it shall go into operation, shall take effect on the tenth day next after the rising of the general assembly at the session thereof at which the same shall be passed." The general assembly which proposed and the succeeding general assembly which approved said article are each presumed to have (4) had knowledge of said section and to have known that in counting the days after adjournment, to ascertain when an act became operative, Sundays were included. The existence of the ten days' period in said article can undoubtedly be traced to this statutory provision.

Had it been the intention of the general assemblies which acted upon said article, and the people who adopted it, that Sundays (other than a Sunday which happened to be the last day of the ten days' period) should be excluded in computing the time within which the Governor may veto a bill after the adjournment of the general assembly, we think, in view of the well-known rule of construction applied in this State, the words "Sundays excepted" would have been inserted after the words "within ten days."

It was argued that inasmuch as the six days' period could embrace but one Sunday the use of the word "Sundays" instead of "Sunday" indicates an intention to apply the exception also to the ten days' period which might include more than one Sunday. The phrase "Sundays excepted" is commonly used to denote the singular as well as the plural. Section 3 of Chapter 32, G. L. 1909, entitled, "Of the Construction of Statutes," was in force and had been

for many years when said Article XV was proposed and adopted. Said section contains a provision, as follows: "every word importing the plural number only, may be construed to extend to and to embrace the singular number also."

It was contended in the argument before us that while the journal of the house and of the senate each shows that the general assembly adjourned on the legislative day of Friday, April 21, 1922, said journals also show that said general assembly adjourned on the calendar day of Saturday, April 22, 1922. It was also contended that a Sunday which commences a period of time should be excluded as well as a Sunday which ends the period and that, as Sunday, April 23, was the first day which followed the actual day of adjournment of the general assembly, said Sunday should be excluded from the time within which the Governor may act.

When the first day of a period is Sunday, that day should be included in the computation and the general rule is applicable that "when a given number of days are allowed to do an act, or when an act may be done within a given number of days, the Sundays within the time are counted unless the last day falls on Sunday, in which case the act may be done on the next day,"—*West* v. *West*, 20 R. I. 464; see also *Franklin* v. *Holden*, 7 R. I. 215; *Barnes* v. *Eddy*, 12 R. I. 25; *Casey* v. *Viall*, 17 R. I. 348. The rule that intervening Sundays are to be counted prevails in most jurisdictions when applied to periods of time exceeding one week. 26 R. C. L. 751, § 26.

In view of the foregoing conclusions it is immaterial in the present case whether the general assembly adjourned on Friday, April 21, 1922, or on Saturday, April 22, 1922.

WILLIAM H. SWEETLAND,
WALTER B. VINCENT,
CHARLES F. STEARNS,
ELMER J. RATHBUN,
JOHN W. SWEENEY.