Nathaniel P. Cook *vs*. Ralph M. Greenlaw, *Ex*.

JULY 2, 1937.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Condon, J. This is a petition, brought under the provisions of general laws 1923, chapter 347, sec. 3, for leave to file reasons of appeal in the superior court in an appeal from a decree of a probate court admitting to probate the will and codicil of Georgiana P. Cook, the statutory period of fifty days for filing such reasons of appeal in the superior court having elapsed.

The petitioner is a son of Georgiana P. Cook. He alleges in his petition that if he is prevented from perfecting his appeal from the decree of the probate court, he will be deprived of sharing equally with his only brother in his mother's estate. He also states that if he is permitted to perfect his appeal, he will contend that his mother made the codicil, which cut him off from sharing equally in her estate, by reason of undue influence exercised over her. We are not concerned with the merits of his appeal here.

This will and codicil were admitted to probate by the probate court of the city of Providence on June 9, 1936. On July 15, 1936, within the period of forty days after the entry of the decree admitting the will to probate, prescribed by statute for claiming an appeal, the petitioner duly filed his claim of appeal in the office of the clerk of the probate court. On July 30, 1936, the day following the expiration

of the period of fifty days after the entry of the decree in the probate court admitting the will to probate, the period prescribed by statute for filing reasons of appeal in the superior court, the petitioner filed his reasons of appeal in that court. On July 31, 1936, he was notified by the clerk of the superior court that he was a day late in filing said reasons of appeal in that court. Promptly upon receiving this notification, the petitioner prepared the present petition and by leave of court was permitted to file the same on August 3, 1936.

The petitioner urges that, on this showing, this court is justified in treating his failure to file his reasons of appeal in time as a mistake within the meaning of G. L. 1923, chap. 347, sec. 3, which reads as follows: "When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

The petitioner states in support of his claim to relief under this statute that he made a mistake in computing the number of days allowed him to file his reasons of appeal by excluding Commencement Day at Brown University in his computation, in the mistaken belief that it was a day on which no business of the court was transacted. The fact is that under a special order of the superior court, no trials are held on that day, but otherwise the court is open as on any other court day for the transaction of business. The petitioner seems to argue that had Commencement Day been like a legal holiday on which the court is entirely

404

closed, he would have been justified in excluding it in his computation. This is erroneous.

The rule in this state is that unless a different intention is expressly or clearly indicated, Sundays are counted in computing periods of time, except where the last day falls on Sunday. *Opinion to the Governor*, 44 R. I. 275, 279; *Barnes* v. *Eddy*, 12 R. I. 25, 26. We think the rule is applicable also to legal holidays.

Commencement Day at Brown University in 1936 fell within the period of time in which the petitioner was required to file his reason of appeal, so that even if it were *dies non* in the superior court, by special order, as believed by the petitioner, it could not have been excluded under the above cases, in computing the time for filing his reasons of appeal. It is clear, therefore, that the mistake made by the petitioner was of a twofold nature, consisting first, in mistakenly supposing that Commencement Day at Brown University was a holiday under the special order of the superior court, and second, in believing that as such a day it was to be excluded in computing the period of time for filing reasons of appeal in the superior court, notwithstanding it was not the last day of such period.

We know of no case holding that such a mistake is one within the meaning of sec. 3 of chap. 347 above quoted. This court has held in a number of cases, construing this section, that mistake of law or miscalculation of time on the part of the petitioner or counsel in complying with the statute does not constitute a "mistake" for which the statute authorizes this court to grant relief. *Johnson* v. *Randall*, 92 A. (R. I.) 829; *Bolster* v. *Bolster*, 35 R. I. 367; *Jordan* v. *Rhode Island Hospital Trust Co.*, 54 R. I. 352.

We think the petitioner's misunderstanding here is not neglect, but a pure mistake of law, and in the light of the above-cited cases, it precludes him from obtaining any benefit from the provisions of the above-cited statute. The cases which he has cited to support his claim present factual situations substantially different from the instant case. In

one case, *Donahue* v. *R. A. Sherman's Sons Co.*, 39 R. I. 373, on which he seems to rely most strongly, the court had before it an application for relief under the provisions of the workmen's Compensation Act and rested its decision in that case on the remedial nature of that act. In the course of the opinion in that case, *Sweetland, J.* indulged in a review of the decisions of this court up to that time construing the statute under consideration before us in the instant case, but this was merely by way of answer to the contention of counsel that this court had always theretofore given a strict and narrow construction to that statute. Some of the cases which he reviewed disclosed that this court had been very liberal in its construction of the statute, but in none of them did the facts correspond to those in the instant case.

In the other cases cited by the petitioner, *David* v. *David*, 47 R. I. 139, and *Di Benedetto* v. *Capone*, 48 R. I. 14, there were circumstances clearly amounting to mistake under the statute and quite readily distinguishable from the underlying circumstances or reasons relied on by the petitioner here.

Upon careful consideration of the petitioner's claim, we are of the opinion that the ground upon which he asks to be allowed to file his reasons of appeal in the superior court is clearly inadequate to justify us in granting the relief permitted under the statute.

The petition is denied and dismissed.

*Everard Appleton,* for petitioner.

*Edwin J. Tetlow,* for respondent.