## YURI YAJIMA v. UNITED STATES.
### No. 6535.

District Court, E. D. New York.
Nov. 21, 1946.

Hunt, Hill & Betts, of New York City (James E. Bennet, Jr., and Helen F. Tuohy, both of New York City, of counsel), for plaintiff.

Douglas W. McGregor, Asst. Atty. Gen., Andrew D. Sharpe, and Frederic G. Rita, Sp. Assts. to the Atty. Gen., J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y., and Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., for the United States.

MOSCOWITZ, District Judge.

This action was brought by the plaintiff under the Tucker Act, 28 U.S.C.A. § 761 et seq. for the recovery of gift taxes totaling $7,266.27.

According to the petition, which was designated by the plaintiff as a complaint,[1] the plaintiff, an American citizen, received from one Hajima Horikoshi, a citizen of Japan, gifts totaling $100,000 which gifts were reported to the Collector of Internal Revenue on January 30, 1942. Plaintiff's claim for refund was rejected on January 27, 1944.

Section 3772 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3772, provides that suits for recovery of taxes shall be commenced within two years after the disallowance of the claim for refund. An unverified complaint was filed in the office of the Clerk of this court on January 22, 1946. On January 28, 1946, a Monday, a verified complaint was filed.[2]

[1] It is of no consequence whether it is called a complaint or petition.

[2] The only difference between the two complaints is that the one filed on January 22, 1946 was unverified.

■ Under the common law, and Rule 6 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, if the last day upon which an act could be performed fell upon Sunday, the time would be extended to the following day, on Monday.

■ A suit against the United States must be brought strictly within the time and within the manner prescribed by law, therefore, the last day, even though it be less than the two-year period within which the plaintiff could have brought this action, was on Saturday, January 26, 1946. This conclusion seems inescapable. The Court is powerless to extend the time prescribed by statute. See Mulhens, Inc. v. Higgins, D.C., 55 F.Supp. 42, 43, and the cases therein recited.

Title 28, Section 762 of the United States Code Annotated provides that any suit against the United States must be brought upon a verified petition. Section 762 of the United States Code Annotated is very definite as shown by its language: "The plaintiff in any suit brought under the provisions of section 41, paragraph 20, of this title shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered and praying the court for a judgment or decree upon the facts and law. (Mar. 3, 1887, c. 359, § 5, 24 Stat. 506.)"

■ There is no dispute about the facts. The plaintiff argues that this case was brought within the required time by virtue of Rules 3 and 11 of the Federal Rules of Civil Procedure for the District Court of the United States. It must be remembered that the rules relate to matters of procedure only and do not diminish, modify, or enlarge the substantive rights of litigants. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. The rules therefore do not extend the time within which an action could be brought against the United States. The Congress alone can change the period of time or deny the right of action entirely and such a suit must be with the permission of the Sovereign. The plaintiff argues that because an action may be commenced on an unverified complaint under Rule 11 and that the complaint having been filed on January 22, 1946, five days before the end of the two-year period, that the action was pending and that the filing of the verified complaint on Monday, January 28, 1946 while the action was pending, cured the defect of failure to file a verified complaint on January 22, 1946.

The rules should have and are receiving a liberal construction by the courts so as to do justice between parties regardless of technicalities. However, the rules are expressly limited to matters of practice and procedure and cannot and do not affect matters of substance.

The question presented is whether or not the action was commenced within the prescribed two-year period.

Rule 3 of the Federal Rules of Civil Procedure states, "A civil action is commenced by filing a complaint with the court." Rule 11 provides for the commencement of an action on an unverified complaint. The Tucker Act, U.S.C.A. Title 28, Section 762, provides in substance that a plaintiff in any suit brought under its provisions must file a duly verified petition. 28 U.S.C.A. § 41(20) gives the district courts concurrent jurisdiction in a Court of Claims in suits against the United States for not more than ten thousand dollars.

Section 1 of the Act of February 24, 1855, 10 Stat. 612, which established the Court of Claims provided that an action should be commenced by the filing of a petition. Section 12 of the Act of March 3, 1863, 12 Stat. 765, required that a petition must be verified.

In Griffin v. United States, 13 Ct.Cl. 257, a claimant filed a petition on the 12th of

262

June, 1871 which was not verified as required by Section 12 of the Act of March 3, 1863, 12 Stat. 765, and later moved to file an amended petition verified as required by the statute. The court held that the filing of an unverified petition commenced an action. The Griffin case, supra, was cited and distinguished in Eastern Band of Cherokee Indians v. Cherokee Nation West & United States, 19 Ct.Cl. 35. In that case, a suit was brought under statutory authorization by the Eastern Band of Cherokees. The Act authorizing a suit provided that a petition verified by the principal chief of that band should be filed within three months of the passage of the Act. A petition was verified and filed by an attorney within three months of the passage of the Act. A motion to dismiss was made by the United States and was granted by the court. Upon granting the motion the Court stated that it was the intent of the Congress that the principal chief of the Cherokees was to verify the complaint. The Court pointed out that in the Griffin case, supra, the law did not require a petition to be verified at the time it was filed, and that a subsequent verification was sufficient.

No other cases have been cited in point. Title 28 U.S.C.A. § 265, Judicial Code, Section 159, R.S. Sec. 1072, March 3, 1911, c. 231, Sec. 159, 36 Stat. 1139 was derived from the Act of Feb. 24, 1855, c. 122, § 1, 10 Stat. 612, and the Act of March 3, 1863, c. 92, Sec. 12, 12 Stat. 767 and was incorporated into the Judicial Code without change.

While the law may be effectively argued either way, the conclusion is reached, but not without some question that the action was "begun" by the filing of the unverified complaint. No relief could have been granted without the filing of a verified complaint. If the action had been brought on an unverified complaint and without the amendment the Court would have been compelled to grant judgment for the defendant. The amended complaint cured the defect.

Settle orders on notice.