RENA TAYLOR, Appellant, v. CHESTER R. GREER.—No. 40271.—206 S. W. (2d) 349.

Division Two, December 8, 1947.

John H. Mittendorf for appellant.

R. C. Southall for respondent.

[350] WESTHUES, C.—Plaintiff filed this suit on September 7, 1946, wherein she asked the court to set aside a deed whereby her husband, Charles M. Taylor, now deceased, on the day before the marriage of plaintiff to Taylor, conveyed a parcel of land to his grandson. Plaintiff claimed the deed was without consideration and was made to defraud her of her dower right. A trial was had and the court entered judgment for the defendant on December 14, 1946. On December 26, 1946, plaintiff filed her motion for a new trial. This was overruled and plaintiff appealed.

Respondent contends that the motion for new trial was not filed within ten days after entry of judgment as required by Section 116 of our Code. See Laws 1943, p. 388, Sec. 116. This section provides that a motion for new trial shall be filed not later than ten days after entry of judgment. Subdivision b(2) of Section 6 of the Code, Laws 1943, p. 358, says that a court may not enlarge the period for filing a motion for or granting a new trial. Appellant, however, says that the motion was filed within ten days if Sundays and Christmas, a legal holiday, are excluded. The law, however, does not permit the exclusion of Sundays or holidays except in cases where the last day happens to fall on such a day. Note the provisions of Section 6, which reads as follows:

"In computing any period of time prescribed or allowed by this code, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and legal holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a legal holiday." See also, 62 C. J., 1007, Sec. 56.

The motion in this case having been filed too late there is nothing before us for review. The judgment is affirmed. *Bohling* and *Barrett*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.