VINCENT J. IANNELLE vs. FIRE COMMISSIONER OF BOSTON & others.

Suffolk. March 3, 1954. — March 31, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Time. Civil Service. Mandamus.*

Sunday is to be included in computing the five day period specified in G. L. (Ter. Ed.) c. 31, § 43 (b), as appearing in St. 1948, c. 240, for requesting the hearing therein provided. [252–253]

One claiming that he had been improperly removed from a civil service position by the appointing authority could not maintain a mandamus proceeding against the appointing authority to secure his reinstatement where it appeared that the appointing authority had complied with all procedural requirements respecting the removal and that the person removed had not availed himself of the remedy of a hearing provided him by G. L. (Ter. Ed.) c. 31, § 43 (b), as appearing in St. 1948, c. 240. [253]

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on May 15, 1953.

The case was transferred to the Superior Court and was heard by *Cahill*, J.

*Lawrence F. O'Donnell*, (*Channing R. Coveney* with him,) for the petitioner.

*Harris A. Reynolds*, Assistant Attorney General, for the respondent civil service commission.

*William D. Quigley*, Assistant Corporation Counsel, for the respondent fire commissioner.

SPALDING, J. The petitioner was a lieutenant in the fire department of the city of Boston. On January 9, 1953, after a hearing before the then fire commissioner (the respondent Kelleher), on charges of misconduct while on duty, he was dismissed from the service.[1] Alleging that the dismissal

---

[1] By amendment Francis X. Cotter, the present fire commissioner, was substituted as a party respondent for the respondent Kelleher.

was improper because of bad faith on the part of Kelleher in conducting the hearing, the petitioner brings this petition for a writ of mandamus against the fire commissioner and the members of the civil service commission, hereinafter called the commission, to require either the commissioner or the commission, or both, to reinstate him, and to assess damages for loss of salary incurred by reason of the dismissal. The judge ordered the petition dismissed and the petitioner appealed from this order. G. L. (Ter. Ed.) c. 231, § 96. *Adamsky* v. *City Council of New Bedford,* 326 Mass. 706, 707.

With respect to the hearing before the fire commissioner it is agreed that all of the procedural requirements prescribed by G. L. (Ter. Ed.) c. 31, § 43 (a), including proper notice of dismissal, were satisfied. It is also agreed that the petitioner received notice of his dismissal on January 9, 1953, a Friday, and that he made a request in writing for a hearing under G. L. (Ter. Ed.) c. 31, § 43 (b), which was received by the commission on January 15, 1953. It will be noted that this request was made on the sixth day, counting Sunday, and the fifth day, excluding Sunday, after the petitioner had received notice of his dismissal from the fire commissioner, who, it is conceded, was the appointing authority referred to in § 43 (a) and (b). The commission refused to grant a hearing under § 43 (b) on the ground that the petitioner's request was not seasonable.

There was no error.

Section 43 (b), as amended, provides, so far as here material, that "If within five days after receiving written notice of the decision of the appointing authority the person . . . discharged, [or] removed . . . shall so request in writing, he shall be given a hearing before a member of the commission or some disinterested person designated by the chairman of the commission." The petitioner argues that his request was timely because in computing the running of the five day period from January 9, the commission should have excluded Sunday. If Sunday is not to be counted, the request obviously was seasonable.

We recognize the general rule to be that when the time limited by a statute for the performance of any act is less than seven days, Sunday shall not be included in the computation. *Stevenson* v. *Donnelly,* 221 Mass. 161. *Marcellino, petitioner,* 271 Mass. 323. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 503. *Daley* v. *District Court of Western Hampden,* 304 Mass. 86, 94. But that rule, we think, is not applicable here. In § 43, as appearing in St. 1947, c. 373, § 1, and as subsequently amended, the Legislature has carefully worked out a time schedule for the performance of various acts and has set out with considerable particularity the manner in which the various periods of time referred to in that section are to be calculated. For example, § 43 (a) provides that an employee against whom action is to be taken shall be given a hearing before the appointing authority, "of which hearing he shall have at least three days' written notice, *exclusive of Sundays and holidays*"; and that "Within two days, *exclusive of Sundays and holidays*," after the completion of the hearing the employee shall be given notice of the decision (emphasis supplied). Section 43 (e) provides that a temporary suspension may be made pending a hearing, "which shall be held . . . within five days, *exclusive of Sundays and holidays*," and that if further action is found to be necessary the appointing authority shall "within two days, *exclusive of Sundays and holidays*," after the hearing give notice in writing to the employee stating the reasons for such further action (emphasis supplied).

Thus with respect to most of the periods of time which are less than a week Sundays and holidays are expressly excluded. But in the clause relating to the requesting of a hearing before the commission the words "exclusive of Sundays and holidays" are omitted. The omission of these words in that clause, we think, is significant. It is strongly indicative that in certain situations Sundays and holidays are to be excluded in computing the time and that in a situation like the present they are to be included. Expressio unius est exclusio alterius. *Commonwealth* v. *Berkshire Life Ins. Co.* 98 Mass. 25, 29. *McArthur Brothers Co.* v.

*Commonwealth,* 197 Mass. 137, 139. *Universal Machine Co.* v. *Alcoholic Beverages Control Commission,* 301 Mass. 40, 45. While this maxim is not a rule of law and is to be applied with caution, it is an aid in construction where other clearer indications are lacking. *Neuberger* v. *Commissioner of Internal Revenue,* 311 U. S. 83, 88. *United States* v. *Barnes,* 222 U. S. 513, 519.

It follows that Sunday was rightly included in computing the five day period and that the petitioner's request for a hearing was not seasonable and was properly refused. The petitioner shows no ground for relief against the commission.

His case against the fire commissioner likewise fails. He cannot resort to mandamus if there was some other adequate remedy available to him. *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193, 199. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 592–593. Here there was such a remedy. If dissatisfied with the decision of the fire commissioner, the petitioner was entitled, as of right, to the hearing provided by § 43 (b), and if at that hearing he did not prevail, he could have had the judicial review provided by § 45, as amended. That the petitioner failed to obtain these remedies was due to no fault of the fire commissioner, for it is agreed that the commissioner complied with all of the procedural requirements of the statute. Compare *Peckham* v. *Mayor of Fall River,* 253 Mass. 590. Rather such failure was due to the petitioner's tardiness in claiming them.

*Order dismissing petition affirmed.*