Hugh J. WADE, as Secretary of State of the State of Alaska, Appellant,

v.

Lazar DWORKIN, Appellee.

No. 603.

Supreme Court of Alaska.

Nov. 4, 1965.

Warren C. Colver, Atty. Gen., Theodore E. Fleischer, Asst. Atty. Gen., Juneau, for appellant.

Lazar Dworkin, in pro. per.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

Appellee instituted an action in the lower court, in the nature of mandamus,[1] which sought to require the Secretary of State to order a recount of the votes which had been cast in election district sixteen in the general election held on November 3, 1964, for the House of Representatives of the State of Alaska. The Secretary of State denied the application for recount on the ground that it was not timely filed. The matter came before the lower court on appellant's motion for summary judgment which the lower court denied and in so doing granted summary judgment in appellee's favor. We are of the opinion that the lower court erred in ordering the Secretary of State to conduct a recount.

That portion of the Alaska Election Code which authorizes recount applications provides in part:

A defeated candidate or 10 qualified voters who believe there has been a mistake made by an election official or by the canvassing board in counting the votes in an election, may file an application within five days after the completion of the state canvass to the secretary of state for a recount of the votes from any particular precinct or any election district and for any par-

1. Civ.R. 91(b) provides:

*Mandamus.* The writ of mandamus is abolished. Relief heretofore available by mandamus as prescribed by stat-

utes may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules.

ticular office, proposition, or question.[2]

The Alaska Election Code further requires the secretary of state, once he has determined that the recount application is substantially in the required form, to fix the date of recount, which date must be within five days of the secretary's receipt of the application.[3]

The record establishes the following facts: At the statewide general election held on November 3, 1964, the voters in the sixteenth election district chose seven candidates for the House of Representatives of the State of Alaska. Upon completion of the state canvass and the Secretary of State's certification of the results, on November 19, 1964, it appeared that there were only seventy-four votes separating the candidates in the seventh, eighth and ninth places for the seven seats from the sixteenth election district. Thereafter, on November 23, 1964, ten qualified voters (one of whom was the appellee) from election district sixteen mailed to the Secretary of State an "Application for Recount for the 16th District in the House of Representatives race." Although mailed on the 23rd day of November, the Secretary of State did not receive the application for recount until 1:00 p. m. on the 25th day of November.

By telegram dated November 30, 1964, the Secretary of State then notified the chairman of the group which was seeking the recount that he was denying their application:

" * * * inasmuch as application although otherwise sufficient was received after the time set by law for filing of such applications. This decision concurred in by the Department of Law. Regret that I have no discretion or authority to extend time even though envelope bears a post mark showing application was mailed prior to deadline established by law. * * *"[4]

On January 4, 1965, appellee instituted an action in the superior court seeking to require the Secretary of State to cause a recount pursuant to the provisions of AS 15.20.430 and AS 15.20.460. Subsequently, on January 24, 1965, the Secretary of State, at the first regular session of the Fourth State Legislature, read to the House of Representatives of the State of Alaska his certificate of election, and then administered the oath of office to the new members of the House of Representatives, including those seven who had been certified as winners in election district sixteen. On March 19, 1965, the lower court granted summary judgment for appellee and on ex parte motion of appellant granted a stay of the summary judgment on April 1, 1965.

In this appeal appellant contends that the lower court erred in holding that an intervening Sunday (November 21, 1964) should be excluded in computing the five day period within which an application for recount

2. AS 15:20.430.

3. AS 15.20.460.

4. In addition to sending this telegram, the Secretary of State wrote to the group's chairman on December 1, 1964. After reiterating the contents of his November 30th telegram, the Secretary stated in part:

" * * * On the morning of November 25th I had notified the press that no applications for recounts had been received within the required period.

I immediately made a qualified decision that the application could not be considered but stated that I would refer the matter to the Department of Law and request confirmation of my administrative decision.

This I did, and yesterday prior to sending my wire to you I received a memorandum opinion, copy of which is attached, which did confirm the decision made previously by me.

I regret very much that you received unofficial information that the application would be timely if it bore a post office date of mailing within the five day period, but as the Attorney General's opinion states 'a paper is not filed when it is mailed'."

had to be filed under AS 15.20.430.[5] Appellant's position is that if the intervening Sunday is included in the computation, then the applicable five day period closed on November 24, one day before the Secretary of State received the recount application in question.

In support of his contention that the trial court erred in excluding an intervening Sunday (November 21, 1964) in determining the applicable five day period, appellant relies primarily upon the provisions of AS 01.10.080 which provides:

> The time in which an act provided by law is required to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded.[6]

In addition to AS 01.10.080 appellant also relies upon AS 44.12.010 which reads in part:

> The following days are legal holidays: * * * (11) every Sunday * * *.

Reading these two statutes together appellant contends that the term "holiday," as used in AS 01.10.080, includes Sundays. Appellant further argues that the legislature, by virtue of its enactment of AS 01.10.080, manifested its intent to exclude Sundays in the computation of time only when Sunday falls on the last day of a

period in question, and that therefore any intervening Sunday must be included in calculating the five day recount limitation of the Alaska Election Code. As indicated previously, we are in agreement with appellant's interpretation of AS 01.10.080.

Initially it is pertinent to observe that in resolving any issue relating to AS 01.10.080 and its applicability to the five day recount provision in question,[7] we are enjoined by the legislature to observe the provisions of AS 01.10.080:

> * * * in the construction of the laws of the state unless such construction would be inconsistent with the manifest intent of the legislature.[8]

At common law it was established if the last day on which an act was to be performed fell on a Sunday, then that Sunday was excluded and the time was extended to the following day.[9] In regard to the issue of intervening Sundays in the computation of a stipulated period of time, the authorities are in disagreement. The common law rule is that when the period of time within which an act is to be performed exceeds one week, an intervening Sunday is included in the computation.[10] The divergence in the authorities appears when the period of time is less than a week. In some jurisdictions intervening Sundays are excluded if the period does not exceed a week,[11] in others intervening Sundays

5. At common law the right to recount did not exist. Abbene v. Board of Election Comm'rs, Mass., 202 N.E.2d 827 (1964); Brickell v. State Election Bd., 203 Okl. 361, 221 P.2d 783 (1950).

6. This statute was first enacted into law in 1962. SLA 1962, ch. 62, § 6. The title of the act read "An Act relating to the construction of the laws of the State."

7. AS 15.20.430, supra note 2.

8. SLA 1962, ch. 62, § 1. This section (part of the same act which enacted AS 01.10.-080 into law) reads as follows:
    *Applicability of Act.* The provisions of this Act shall be observed in the construction of the laws of the state un-
less such construction would be inconsistent with the manifest intent of the legislature.

9. Yuri Yajima v. United States, 6 F.R.D. 260, 261 (D.C.N.Y.1946); Sherwood Bros. v. District of Columbia, 72 App.D.C. 155, 113 F.2d 162, 163 (1940); Industrial Comm'n v. Vigil, 150 Colo. 356, 373 P. 2d 308, 310 (1962).

10. American Tobacco Co. v. Strickling, 88 Md. 500, 41 A. 1083, 1086, 69 L.R.A. 909 (1898); State ex rel. Putnam v. Holm, 172 Minn. 162, 215 N.W. 200, 202 (1927).

11. Muldoon v. West End Chevrolet, Inc., 338 Mass. 91, 153 N.E.2d 887, 890 (1958); Iannelle v. Fire Comm'r, 331 Mass. 250,

are included in the computation of the period.[12] On the other hand, under statutes containing language similar to AS 01.10.080, it has been generally held that intervening Sundays are to be included in computing the time period even though the applicable period is less than one week.[13]

Typical of these statutory authorities is Atchison, T. & S. F. Ry. Co. v. Solorzano,[14] where the statute in question read:

> In computing time the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday.

After discussing what it characterized as the "common law rule" which excludes intervening Sundays if the period of time is less than one week, the court concluded that:

> This statute, we think changes the common-law rule, and requires the court to include intervening Sundays in computing time, and the statute itself provides the only case wherein Sunday is to be excluded.

In Van Lear v. Kansas Trip-Hammer Brick Works,[15] the court stated:

> Our statute governing the subject (Civ. Code, § 722) enacts that 'the time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday it shall be excluded.' Under identical statutes in New York and Indiana, it has been held that, while Sunday is excluded if the last day, yet it is included if an intervening day. Taylor v. Corbiere, 8 How.Prac. 385, and cases cited; English v. Dickey, 128 Ind. 174, 182, 27 N.E. 495, [13 L.R.A. 40]. * * * The legislature, having Sunday in mind, provided for its exclusion when the last day, and it is presumable that its inclusion was intended when an intervening day.[16]

■ In view of these authorities, and the language of AS 01.10.080, we hold that in computing the five day period of limitation prescribed by AS 15.20.430 an intervening Sunday is to be included in the computation of the five day period provided for in AS 15.20.430. We are of the opinion that such a construction is not inconsistent with any ascertainable "manifest intent of the legislature,[17]" in regard to its enactment of AS 15.20.430 and AS 01.10.080.

118 N.E.2d 757, 758 (1954); Fannin v. Lewis, 254 S.W.2d 479, 480 (Ky.1953); State ex rel. Marcade v. City of New Orleans, 216 La. 587, 44 So.2d 305; 308–309 (1950); Taylor v. Greer, 357 Mo. 66, 206 S.W.2d 349, 350 (1947); Daley v. Judge of Dist. Ct., 304 Mass. 86, 23 N.E. 2d 1, 6 (1939); Smithie v. State, 88 Fla. 70, 101 So. 276, 278 (1924).

12. Andrews v. Knight, 103 So.2d 549, 552 (La.App.1958); Janssen v. Second Cong. Dist., 235 La. 353, 103 So.2d 472, 474 (1958); Bergeron v. Rappelet, 212 La. 717, 33 So.2d 207, 208 (1947); Cook v. Greenlaw, 58 R.I. 402, 193 A. 494, 495 (1937); State ex rel. Allison v. Buford, 337 Mo. 1198, 88 S.W.2d 349, 350 (1935); In re Opinion to the Governor, 44 R.I. 275, 117 A. 97, 98 (1922); Heard v.

Phillips, 101 Ga. 691, 31 S.E. 216, 44 L.R.A. 369 (1897).

13. Atchison, T. & S. F. Ry. v. Solorzano, 21 N.M. 503, 156 P. 242 (1916); Svea Ins. Co. v. McFarland, 7 Ariz. 131, 60 P. 936 (1900); Van Lear v. Kansas Trip-Hammer Brick Works, 56 Kan. 545, 43 P. 1134 (1896); English v. Dickey, 128 Ind. 174, 27 N.E. 495, 497, 13 L.R.A. 40 (1891).

14. Supra note 13, 156 P. at 243.

15. Supra note 13, 43 P. at 1135.

16. Note at the time AS 01.10.080 was enacted into law in 1962 Sunday was a legal holiday. See AS 44.12.010(11) supra page 589; The Penza, 9 F.2d 527, 528 (2d Cir., 1925).

17. AS 01.10.080 supra note 8.

We conclude that application for recount was not filed in time with the Secretary of State, and therefore the lower court erred in granting summary judgment in appellee's favor and ordering a recount.[18]

Since this issue is dispositive of the appeal, we find it unnecessary to discuss the other issues raised by appellant.

The summary judgment of the lower court is reversed.

18. Compare Civ.R. 6(a) which provides:
   *Computation.* In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday.

   See Crim.R. 40(a). Note that these rules relate to matters of procedure only and have no effect on substantive rights. Yuri Yajima v. United States, supra note 9, 6 F.R.D. at 261.

   See also Taylor v. Greer, supra note 11, 206 S.W.2d at 350, where the statute in question excluded Sundays from the computation of time both when Sunday was the terminal day of the period in question and when an intervening Sunday occurred during a period of less than one week.

   The issue raised by this appeal may well warrant the legislature's reconsideration of AS 01.10.080 and AS 15.20.430.