ROGERS, Justice.
 

 This is a mandamus proceeding brought by Guy Graham and William W. Tuttle against the Republican State Central Committee of Louisiana to compel the committee to certify the names of relators to the proper authority as qualified candidates for nomination for the office of governor on the Republican ticket, to be voted upon in the primary election fixed for January 16, 1940.
 

 The relators, who are qualified electors of the State of Louisiana, timely and properly qualified with the chairman of the respondent committee as candidates for the Republican nomination for governor. Within five days thereafter an objection to the candidacy of each of the relators was made by a member of the respondent committee, the principal ground of objection being that relators were dummy candidates. Within forty-eight hours after the objections were filed with the respondent committee, they were heard and sustained by the committee. The findings of the respondent committee were promulgated on October 30, 1939. This suit was filed in the Nineteenth Judicial-District Court for the Parish of East Baton Rouge on November 2, 1939.
 

 Respondent filed exceptions of want of jurisdiction, misjoinder, and no right or cause of action. Respondent also filed a plea of prescription, and an answer to the merits.
 

 Being summary in its nature, the case was heard on the merits, after which all the exceptions were argued and the case was submitted for decision, both on the exceptions and on the merits. All the exceptions were overruled, with the exception of the plea of prescription, which was sustained and relators’ suit dismissed.
 

 Relators appealed, and the respondent answered the appeal asking that the exceptions overruled by the trial judge be sustained.
 

 We find no error in the action of the trial judge in overruling the exception to the jurisdiction of the court.
 

 Respondent contends that relators’ remedy for the action of the respondent committee sustaining the objection to their candidacy was by appeal and not by mandamus to compel the committee to certify their names to the Secretary of State as
 
 *969
 
 duly qualified candidates for the Republican nomination for the office of governor.
 

 It is provided by section 11 of Act No. 97 of 1922, as amended by Act No. 110 of 1934 (known as the Primary Election Law), that: “either party shall have the right to appeal from the decision of the committee to any court of competent jurisdiction, and that the jurisdiction of the court, time of filing petition and answer, procedure and appeal shall in all things and as far as applicable be as provided for contested election cases under Section 27 of this act * * The only procedure provided by Section 27, as amended by Act No. 28 of 1935, 2d Ex.Sess., relating tó the appeal mentioned in Section 11 is: “Any candidate for a nomination fo.r any office who shall claim to have been nominated, and shall desire to contest the election, shall present a petition to the Judge * * *, which petition shall set forth specifically and in detail the grounds on which the contest is based * *
 

 A mere reading of these statutory provisions discloses that there is no machinery provided therein by which the transcript of testimony and other proceedings before the committee shall be sent to any court and no provision for an order of appeal by the committee returnable to any court, from which it clearly follows that the “petition to the Judge,” referred to in section 27, is all that is required. In this very case, the petition of relators presents for decision by the court all the issues that were before the committee. This is sufficient in the absence of any statutory provision regulating the manner of taking and perfecting the appeal referred to in section 11.
 

 The exception to the jurisdiction of the court ratione materiae is based upon respondent’s claim that the court of the domicile of the chairman of the committee is the only court having jurisdiction of this case. This contention r^sts upon the proposition that under section 11 of the Primary Election Law, the State Central' Committee is properly the sole defendant in a case of this character. This being true, respondent contends that in the absence of any provision in the law fixing the domicile of the committee, it necessarily follows that its domicile is the domicile of its chairman.
 

 Section 11 of Act No. 97 of 1922, as amended by Act No. 110 of 1934, the Primary Election Law, provides:
 

 “That any member pf any committee calling a primary election, or any person who has filed his application to become a candidate, may file in writing an objection to any other person who has filed his application to become a candidate with the committee calling the primary; that said objection shall contain the reasons why such candidate is not a duly qualified candidate under the qualifications prescribed by the party calling the primary, provided, however, that any such objection shall be made within five days after the last day upon which persons may file notification to become candidates. Wherever such objection shall have been filed the committee calling the primary shall convene 48 hours after the objection shall have been placed in the hands of the Chairman of the com
 
 *971
 
 mittee and served upon the person interested, and determine within 24 hours after the objection and answer to same, if one be filed, shall have been heard, whether or not the person applying to be a candidate is qualified; either party shall have the right to appeal from the decision of the committee to any court of competent jurisdiction, and that the jurisdiction of the court, time of filing petition and answer, procedure and appeal shall in all things and as far as applicable be as provided for contested election cases under Section 27 of this act, except that the executive committee whose ruling is co^tnplained of shall be made party defendant and a certified copy of the petition served on the chairman, and the petition so presented and served shall set forth the error, whether of fact or law, complained of.”
 

 Section 27 of the Primary Election Law provides:
 

 “That in 'elections held under the provisions of this Act all contests shall be made before the courts of the State, as herein prescribed, which are hereby fully vested with the necessary power, authority and jurisdiction to hear, try and determine the same. Any candidate for a nomination for any office who shall claim to have been nominated, and shall desire to contest the election, shall present a petition to the Judge of the District Court of the Parish in which the capítol of the State is situated, if the office be that of the Governor, Lieutenant Governor, Attorney General, Secretary of State, State Treasurer, Auditor of Public Accounts, Superintendent of Public Education, or other State officer or United States Senator; or if it be a municipal, parochial or district office, then to the District Court of the parish in which the contestee resides, which petition shall set forth specifically and in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made * *
 

 Section 27 of the legislative act refers to elections held under the provisions of the act and gives the right to contest the election to any candidate for the nomination of' any office who shall claim to have been nominated. If the office be that of governor or any other state officer, the petition must be presented to the judge of the district court of the parish in which the capítol of the State is situated. Sections 11 and 27 of the legislative act must be construed together, and, when so construed, clearly evidence the intention of the legislature to give the district court of the Parish of East Baton Rouge jurisdiction of a suit by a candidate for nomination for the office of governor or any other state officer to review the action of a party committee in sustaining objections to his candidacy.
 

 The exception of no cause or right of action finds its answer in the provisions of section 11 of the Primary Election Law itself, which provisions we have herein-above quoted.
 

 When the situation of which relators complain arises, the statute itself gives the right to the complaining party to bring a suit to obtain relief.
 

 The courts have jurisdiction by mandamus to compel officers charged with
 
 *973
 
 the conduct of elections to perform specific duties imposed upon them, by law. State ex rel. Elston v. Parish Democratic Executive Committee, 173 La. 844, 138 So. 857; Brown v. Democratic Parish Committee, 183 La. 967, 165 So. 167.
 

 Relators, in their petition, set forth facts sufficient to show that they are qualified voters; that they timely and properly filed their applications to become candidates, which applications were accompanied by the required fee; and that they were illegally and arbitrarily disqualified by the respondent committee. Under this showing, relators are clearly entitled to pursue the remedy provided by the legislative act.
 

 The exception of misjoinder was properly overruled. Brown v. Democratic Parish Committee, supra. The interests of relators are not adverse, as contended by respondent. On the contrary, relators have a common interest in the suit. The fact that relators seek to be certified as candidates for the nomination to the same office is not sufficient to prohibit them from joining in the same suit as parties plaintiff. If they are entitled to the same relief, there is no reason why they can not join in the same action seeking relief.
 

 The respondent committee sustained the objections made to the proposed candidacy of the relators on October 30, 1939. It is provided in section 27 of the Primary Election Law that “no contest shall be entertained unless brought within two days after the official promulgation of the result of the election * * This suit was filed early in the morning of November 2, 1939. Two days, October 31 and November 1, intervened between the action of the committee and the filing of the suit. November 1, 1939 is, however, a legal holiday in this State. Act No. 165 of 1932. Relators contend that as November 1, 1939, was a legal holiday, it should not be counted as one of the two days within which this suit could be brought. Respondent, on the other hand, contends that the provisions of the statute should be strictly construed and that, as it makes no provision for an extension of time where one of the two days happens to fall on a legal holiday, therefore this suit was filed too late. )
 

 The trial judge, after referring to the rule to be applied in the interpretation of holiday statutes, that whatever the statute expressly declares shall not be done on such days is unlawful, but whatever the statute fails to prohibit remains lawful to. be done on such day, held that as there is no provision in the holiday statute, or any other law against the inclusion of November 1, a legal holiday, in the computation of the two days within which this suit should be filed, November 1, 1939, must be considered as one of the two days within which the suit should be instituted. We think that this construction is entirely too narrow and is in conflict with the decision of this Court in the case of Mansur v. Abraham, 183 La. 633, 164 So. 421, to which the attention of the trial judge was not directed.
 

 In the Mansur case, this Court, after a full discussion of the subject and consideration of the pertinent authorities, expressly held that when the last day of a term al
 
 *975
 
 lowed by law for taking any stated action in a judicial proceeding falls on Sunday or any other legal holiday, the action may be taken on the next day following, as effectively as if taken on the day before the last day of the term. And nothing that was said in the case of Brown v. Democratic Parish Committee, supra, is opposed to the holding in the Mansur case.
 

 When the law allows a person only a limited time within which to exercise a legal right, the person seeking to exercise the right should be entitled to the whole, and not merely to one half, of the allotted time. Under respondent’s contention, should the two days allowed by law for the bringing of a suit of this character happen to fall on successive legal holidays a person seeking to bring such a suit would be powerless to act. Pie would be remediless under the very terms of the statute giving him the remedy. It is not reasonable to suppose the legislature intended that such an absurd consequence would result, from the application or attempted application of the statutory provisions.
 

 While the case in the court below was disposed of on the plea of prescription, the trial judge made the following finding of fact on the merits: “Sufficeth it to say that I am not convinced that the Committee was justified from the evidence produced before it, which was offered here, in disqualifying the plaintiffs in either suit. In other words, I am of the opinion that the objections filed before the Committee against their candidacy was not well taken and that the proof was insufficient to convict the plaintiffs of being dummy candidates.”
 

 In view of the summary character of the suit and the necessity for its prompt disposition, we have concluded to adjudge the case on its merits. Our examination of the record, following this conclusion, has convinced us that the facts, as found by the trial judge, are correct and are sufficient to justify us in rendering a judgment in favor of the relators.
 

 For the' reasons assigned, the judgment, so far as it overrules the exceptions of want of jurisdiction, no right or cause of action and misjoinder, is affirmed; and the judgment is annulled so far as it sustains the plea of prescription and dismisses the suit. It is now ordered that the plea of prescription be overruled. It is further ordered that on the merits of the case there be judgment in favor of the relators, Guy Graham and William W. Tuttle, and against respondent, Republican State Central Committee, and its Chairman, Philip H. Mecom, directing the committee and its chairman to certify the names of relators, Guy Graham and William W. Tuttle, each of them, as the duly qualified candidates for the nomination for the office of governor of the State of Louisiana on the Republican ticket, to be voted upon in the primary election to be held on January 16, 1940. All costs of this proceeding are to be paid by respondent.