PONDER, Justice.
 

 In compliance with the provisions of Act No. 46 of 1940, requiring a decision in cases of this character within twenty-four hours after submission, we herewith hand down our decision in this matter, for the reasons which will follow in due course.
 

 For the reasons to be hereafter assigned, the judgment appealed from is affirmed.
 

 PONDER, Justice.
 

 The defendant, Albert O. Rappelet, timely filed notice of intention to become a candidate for the democratic nomination for state senator for the Twelfth Senatorial District of Louisiana at the primary election to be held on January 20, 1948. The plaintiffs, three qualified electors of the district, filed objection to the defendant’s candidacy, within the time prescribed by law, on the grounds: First, that the defendant does not possess the residential qualifications required by the Constitution
 
 *361
 
 of the state, art. 3, § 9, and the resolution of the committee calling the election; and second, that the defendant is not a qualified elector of any parish within the district, as required by the Constitution, the Democratic State Central Committee and the Twelfth Senatorial Committee. After the defendant had answered the objection, the committee held a hearing on October 31, 1947. The committee concluded its hearing at 7:30 p. m. and reconvened the next day on November 1st at 11:00 a. m. for the purpose of rendering its decision, at which time the committee overruled and dismissed the objections and protests entered by the plaintiffs. It is admitted by all parties to this suit that the Committee’s decision was promulgated at 1:00 p. m. on Saturday, November 1, 1947. The plaintiffs filed the present suit on November 4, 1947 at 3:47 p. m. against the defendant Rappelet and the senatorial committee in the Seventeenth Judicial District Court, seeking to reverse the decision of the committee and to have the defendant Rappelet declared disqualified. The defendant interposed various exceptions and pleas and filed an answer to the suit. Upon hearing of the exceptions and pleas, the district court gave judgment maintaining an exception to the jurisdiction of the court rationae materiae and a plea of prescription and dismissed the plaintiffs’ suit. The plaintiffs appealed to this Court. The appeal was timely heard and a decree was timely rendered by this Court affirming the judgment of the lower court for reasons to be later stated.
 

 The plea of prescription is based on the ground that the suit was not filed within two days after the promulgation of the committee’s decision. Under the provisions of Act No. 46 of 1940, a suit of this nature must be filed within two days after promulgation. The dispute herein is over whether or not intervening Sundays or holidays are counted in computing the two day term.
 

 Counsel for the plaintiffs contends that the lower court erred in not granting the plaintiffs two whole days, Monday and Tuesday, in which to file their suit. He takes the position that Saturday and Sunday, being holidays, should not be counted in computing the two day term. He relies on a statement made by this Court in the case of State ex rel. Graham v. Republican State Central Committee of Louisiana, 193 La. 863, 192 So. 374, 378, which reads as follows: “When the law allows a person only a limited time within which to exercise a legal right, the person seeking to exercise the right should be entitled to the whole, and not merely to one half, of the allotted time.”
 

 This Court had occasion to review the jurisprudence of this State touching the method of computing the delays allowed by law and pointed out that intervening Sundays and other legal holidays are included in computing the delays unless
 
 *362
 
 they are declared excluded by the statute allowing the delays, except when the last day falls on Sunday or other legal holiday. The case of Mansur v. Abraham, 183 La. 633, 164 So. 421, recognized the rule that, when the last day of a term allowed by law for taking action in a judicial proceeding falls on Sunday or any other legal holiday, action may be taken on the next day following.
 

 In the case of Brown v. Democratic Parish Committee of St. Bernard Parish, 183 La. 967, 165 So. 167, we construed the prescriptive period in the primary election statute strictly, and pointed out that to extend such provision would be allowing a greater time than set forth in the statute, which would be equivalent to legislating by the court. We further stated that this Court has consistently enforced the prescriptive period set out in the primary election statute.
 

 In the Graham case the decision of the committee was promulgated on October 30th and the suit was filed on November 2nd thereafter. The lower court maintained a plea of prescription and held that November 1st, a legal holiday and the last day of the two day term, must be counted as one of the two days in which the suit must be instituted. On appeal we reversed the judgment of the lower court and pointed out the fact that the Mansur case was not called to the attention of the trial judge. We referred to the holding in the Mansur case and stated that nothing said in the Brown case is opposed to its holding. We made the statement relied on by counsel in answer to a contention made that the last day of a term, although a holiday, was properly counted as one of the two days within which suit could be brought. The holding in the Graham case, in our opinion, is an affirmance of the rule laid down in the Mansur case because in both instances the action was taken on the next day following the holiday, which fell on the last day of the term. There was no occasion to apply this rule in the Brown case for the reason that the last day of the term was not a holiday. From our examination of the jurisprudence of this State, we have been unable to find a single case wherein the method of computing legal delays conflicts with the rule laid down in the Mansur case.
 

 In the present case the last day of the two day term, Monday, November 3rd, was not a legal holiday and the allowance of an additional day would not be warranted under the jurisprudence of this State. The intervening Saturday and Sunday, although legal holidays, are not excluded by the statute and must be counted in computing the two day term fixed by the statute, because it is only when the last day of the term falls on a holiday that a court of this State is warranted in granting additional delay and, in that instance, the delay is restricted to the next day following.
 

 
 *363
 
 Having arrived at the conclusion that the lower court properly maintained the plea of prescription, it is unnecessary to pass on the exception to the jurisdiction of the court.