· 78 So.2d 1C5

**Arthur J. O'KEEFE, Jr.**

v.

**Richard F. BURKE.**

No. 42257.

Feb. 17, 1955.

Leo L. Dubourg, Frederick G. Veith, Robert J. Lacey, New Orleans, for plaintiff-appellant.

C. Cyril Broussard, New Orleans, for defendant-appellant.

McCALEB, Justice.

This is the second time within two weeks that this case has come before us. It is an election contest arising out of the Democratic primary held on January 18, 1955, on a call issued by the Orleans Parish Democratic Executive Committee for selection of the Democratic nominee in a special election called by the Governor for March 1, 1955, to fill a vacancy in the office of Assessor of the Fourth Municipal District, composed of the Tenth and Eleventh Wards of the City of New Orleans.

Six candidates qualified for this nomination and in the ensuing primary, the contestee, Richard F. Burke, who obtained over 7,000 of a total of approximately 10,000 votes cast, was certified by the Orleans Parish Democratic Committee as the nominee. Thereafter, the contestant, Arthur J. O'Keefe, Jr., who received 1,656 votes, brought this suit under the provisions of LSA–R.S. 18:364, formerly Section 86 of Act 46 of 1940 (the primary election law), claiming that he had received a majority of the legal votes and was therefore entitled to the nomination. The gravamen of his complaint was that all votes cast for Burke were void because Burke fraudulently represented himself as a qualified elector of the district when, in truth and in fact, he was an ineligible candidate, not having been an actual bona fide resident of the State for two years prior to the election. In the alternative, he prayed that the primary election be annulled and set aside.

The contestee met the charges of the petition by excepting (1) to its being filed and served on a Sunday, (2) to the jurisdiction of the court ratione materiae, (3) to the failure to join the Orleans Parish Democratic Executive Committee as party defendant, (4) that no right or cause of action was stated, (5) that it was vague, (6) that the action was premature and (7) that the contestant was estopped. In answer to the petition, it was alleged by Burke that he has been domiciled in the Fourth Municipal District of New Orleans all of his life and that, whereas he had lived in Harris County, Texas, for a short space of time, his residence in Texas was of a temporary nature, and it has always been his intention to maintain his residence at 3103 Chippewa Street in the Eleventh Ward, Fourth Municipal District of New Orleans.

After hearing arguments on the exceptions, the district judge sustained the exception to the jurisdiction ratione materiae, being of the opinion that, since O'Keefe had failed to avail himself of the provisions of LSA–R.S. 18:307 (which prescribe

that objection to the candidacy of any person qualifying as a candidate be filed with the Chairman or Secretary of the Committee calling the election within five days after the last date upon which notification of intention to become a candidate may be filed), the court could not entertain the suit, as it had only such jurisdiction as was conferred upon it by the primary law.

Upon judgment being rendered dismissing his suit, O'Keefe appealed to this court and, after a hearing, a majority of the court[1] reversed the judgment, overruled the exception to the jurisdiction and remanded the case for further proceedings, holding the provisions of LSA–R.S. 18:307 violative of Sections 4 and 12 of Article 8 of the Constitution insofar as those provisions required that a candidate file a protest with the Committee within a stated time to contest the eligibility or residential qualifications of an opposing candidate in the primary. See O'Keefe v. Burke, 226 La. 1026, 78 So.2d 161.

.Conformably with the ruling of this court, the case was thereafter tried in the District Court on the remaining exceptions and on its merits. Following the hearing, the judge overruled all of the exceptions and annulled the election on the ground that Burke was ineligible for the nomination to the office in contest as he had not resided in the Fourth Municipal District for two years next preceding the election

and, therefore, was not a qualified elector of this State. Both parties have appealed from the decision, O'Keefe's appeal being limited to that part of the judgment which denies his claim to the nomination.

We first address our attention to the complaints of Burke. His counsel initially insists that the judge erred in overruling the exception to the filing of the petition and service of citation on a Sunday inasmuch as Article 207 of the Code of Practice, as amended by Acts 98 of 1890 and 105 of 1952, prohibits the institution of a suit and the issuance of citation on legal holidays save in cases involving conservatory writs.

We think that the exceptions were properly overruled, as we do not regard the cited Article of the Code of Practice to be applicable to cases of this sort. The procedure in election contests is sui generis. Paragraph H of LSA–R.S. 18:364 prohibits the court from entertaining an election contest "unless brought within two days after the official promulgation of the result of the election, * * * by respective committees as provided in this Part." The promulgation of the returns by the Committee in this case was on a Friday and, under these circumstances, O'Keefe is not to be penalized for filing his suit on Sunday, which was the last day of the two day period allotted to him by law. And this, despite the jurisprudence, see State ex rel. Graham v. Republican State Central Com-

1. Justice Hamiter and the author of this opinion dissesnted.

mittee, 193 La. 863, 192 So. 374 to the effect that dies non are not to be counted in computing the two-day delay allowed by the primary election law and that, if the suit had been filed on the Monday following the Sunday, it would have been filed on time.

The exceptions of non-joinder of party defendant, of no right or cause of action, of prematurity and estoppel, interposed by Burke are all predicated upon O'Keefe's failure to exert the remedy afforded him under LSA–R.S. 18:307, that is, his failure to make objection to Burke's lack of qualifications before the Orleans Parish Democratic Executive Committee within the time prescribed by law.

In view of the holding of this court on the exception to the jurisdiction, wherein the procedure adopted in Hall v. Godchaux, 149 La. 733, 90 So. 145, was upheld and approved, the district judge did not err in overruling all of these exceptions.[2]

■ The only other exception of counsel is that of vagueness, which was leveled at the failure of O'Keefe to specifically state in detail the grounds for the charges of fraud upon which he relied.

We find no merit in this exception and the judge properly overruled it because the petition sets forth that the only fraud attributed to Burke was his misrepresentation that he was a qualified elector.

■ The merits of the case involve the narrow issue of whether Burke was and is a qualified elector of this State and, therefore, eligible to the office for which he has been nominated. Section 13 of Article 8 of the Constitution provides that no person is eligible to any office in this State "* * * who is not a citizen of this State and a duly qualified elector of the State, district, parish, municipality or ward, wherein the functions of said office are to be performed." And Section 1(a) of Article 8 prescribes that, to be qualified as an elector, every citizen of this State "* * shall have been an actual bona fide resident of the State for two years, of the parish one year * * * and of the precinct, in which he offers to vote, three months next preceding the election; * * *."

2. In this connection, the author feels impelled to state that it is only because of the majority ruling, making the decision in Hall v. Godchaux the law of this case, that he is able to write this opinion for the court, forasmuch as he entertains the view (which is expressed in his dissenting opinion to the previous decision herein, No. 42,235 of the docket) that the decision in Hall v. Godchaux was superseded by the primary law of 1922 (Act 97 of 1922) and that the ruling in this case, permitting an election contest by an unsuccessful candidate on the allegation that there has been fraud and irregularities which prevented his election because the nominee represented that he is qualified for the nomination when he is not, is unsound.

The trial judge correctly stated the facts as follows:

"At the trial on the merits it was established that the defendant, in the month of January, 1951, was assigned by his employer to open and manage an office in Houston, Texas. The defendant, at that time, was living with his wife and children at 714 Jefferson Avenue, in the 14th Ward of the City of New Orleans. He proceeded to Houston, alone, and resided at the Rice Hotel for a period of three weeks and, thereafter, at the Alamo Plaza Tourist Court for a period of approximately five or six months. During this time, his family remained in New Orleans and he commuted between Houston and New Orleans on an average of three times a month.

"On June 6, 1951, defendant purchased a home at 5329 Lampassas Street in Harris County, State of Texas, near the City of Houston. This purchase was made under the Servicemen's Readjustment Act, popularly known as the G. I. Bill of Rights, which authorizes a loan to a veteran where the proceeds are 'to be used for purchasing residential property or constructing a dwelling to be occupied as his home'. U.S.C.A. 38:694A. See also 38 C.F.R. 36:400.

"A few days thereafter, on June 15, 1951, defendant moved his family to this dwelling in Harris County, State of Texas, and also shipped his furniture from his Jefferson Avenue address in New Orleans. Defendant and his family resided at this address in Texas until he sold his home on April 29, 1953, a period of nearly two years.

"Defendant testified that during this period he came to New Orleans, with his family, approximately once a month, and occupied a room in his father's home at 3103 Chippewa Street, New Orleans, which is in the Fourth Municipal District.

"In 1949, defendant had registered as a voter in Precinct 3 Ward 11 of the City of New Orleans, and this registration remained of record until the date of its expiration, December 31, 1952. Thereafter, a notice was sent by the Registrar of Voters of Orleans Parish to the defendant under the provisions of the permanent registration law, but he did not return the certificate duly signed until after July 31, 1953, when his name was entered upon the records of the registration office as an elector of Precinct 3, Ward 11 of the City of New Orleans.

"In the meantime, however, while defendant was residing at 5329 Lampassas Street, Harris County, Texas, he paid a poll tax in the State of Texas, in January of 1952, and another poll tax in the month of January, 1953. At the time he procured his poll tax receipts, he informed the assessor and

collector of taxes of Harris County, Texas, that he resided at 5329 Lampassas Street, in the City of Houston, that his age was 33 years, that his length of residence in the State of Texas was one year, that his length of residence in Harris County was one year, and that his length of residence in the city of Houston was one year. He further gave his occupation as that of salesman, and his birthplace as Louisiana. He was listed in Precinct number 129 of Harris County. According to the receipts offered in evidence all of this information was given to the tax collector under oath.

"Thereafter, in the presidential and congressional election held in November of 1952, the defendant voted in Harris County, State of Texas.

"The defendant's wife likewise procured poll tax receipts for the years 1952 and 1953 and voted in Texas in the same election."

\*       \*       \*       \*       \*       \*

"When the defendant returned to New Orleans, with his family on May 25, 1953, he resided for one week at the home of his father, 3103 Chippewa Street, then moved to the residence of his mother-in-law, 432 Philip Street, for a period of approximately four months, and thereafter, moved to 402 Nashville Avenue, which latter address is in the 14th Ward of the City of New Orleans and not in the Fourth Municipal District.

"When defendant and his family moved back to the City of New Orleans, they placed their furniture in storage until they moved to the Nashville Avenue address. They remained at this address until the death of defendant's father on October 31, 1954, when they returned to occupy a room at 3103 Chippewa Street, to which they moved part of their furniture, the remainder being placed again in storage."

It is clear from the foregoing that Burke was a resident of Texas from at least June 6, 1951 until May 25, 1953, when he and his family returned to New Orleans. However, he contends that it was never his intention to abandon his residence and voting domicile at 3103 Chippewa Street in Precinct Three, Ward Eleven, of the City of New Orleans, which he visited from time to time and he further maintains that this intention of having the Chippewa Street address as his permanent political domicile was constant throughout the period that he was abiding with his family in Texas. But these statements of intention cannot govern the issue of residence in this case as they are completely overcome by the admitted fact that Burke's domicile was in Texas from June, 1951 to May, 1953 and that,

during that period, he solemnly declared that he was a resident of that State by procuring poll tax receipts and casting his vote therein in the Presidential Election in November, 1952.

In order for one to be a qualified elector under our Constitution, it is necessary that "[h]e shall have been an actual bona fide resident of the State for two years * * * next preceding the election". Burke does not meet this requirement at the present time, nor will he become a bona fide resident, under any view of the evidence, until May of this year. Hence, on authority of Hall v. Godchaux, supra, the trial judge properly granted the alternative prayer of the contestant's petition and set aside and annulled the primary election and the nomination of Burke as the Democratic candidate for Assessor of the Fourth Municipal District.

We are also of the opinion that the judge was right in denying O'Keefe's main demand to be declared the nominee of the Democratic party, which is based on the theory that he obtained a majority of the legal votes cast in the election. The same plea was rejected by the court in Hall v. Godchaux, supra. O'Keefe, realizing that that case offers him no comfort insofar as his claim for the nomination is concerned, contends that the present primary law, particularly the last paragraph of LSA–R.S. 18:358, has changed the situation so

that he is now entitled to the nomination as the only candidate receiving a majority of the legally cast votes.

There is no merit whatever in this proposition. A perusal of LSA–R.S. 18:358 discloses that it pertains only to the manner of holding second primaries and to the procedure to be followed in the event of a tie vote or the death or withdrawal of a candidate. Indeed, the very provision relied on by O'Keefe effectually disposes of his contention. It declares:

> "In case of failure to elect *because no candidate received a majority of votes cast for the office for which he is a candidate,* if one of the two persons receiving the highest number of votes declines to continue his candidacy, dies, or is otherwise disqualified, the other candidate who has received the highest number of votes for the office for which he was a candidate shall be declared the nominee of the party." (Italics ours.)

Obviously, this paragraph is without application to the case inasmuch as Burke received an overwhelming majority of the votes cast in the election. And it would not do to say that these were illegal votes as they were cast by duly qualified electors for a candidate whose name appeared on the official ballot. It is not because of any illegality respecting these votes that the election in this case must be annulled but

because it has been since adjudicated that the nominee selected by the voters is ineligible to the office in contest.

The judgment appealed from is affirmed.