McBRIDE, Judge.
Dean A. Andrews, Jr., and Nathaniel B. Knight, Jr., are candidates for the office of Public Service Commissioner for the First Public Service Commission District in a primary election to be held July 29, 1958, they having given notification of their respective candidacies to the Democratic First Public Service Commission District Executive Committee on May 23, 1958, pursuant to a call for said primary election issued by said Committee at a duly constituted meeting.
On May 28, 1958, Andrews, as authorized by LSA-R.S. 18:307 (formely Sec. 28 of Act 46 of 1940 and Sec. 4 of Act 351 of 1946), lodged objections to the candidacy of Knight on several specific grounds which need not be detailed here nor further alluded to.
On June 1, 1958, the Democratic Executive Committee, First Public Service Commission District of Louisiana, held a special meeting at which the objections filed by Andrews against Knight’s candidacy were considered, and on the same day the Committee handed down an order denying and dismissing Andrews’ objections.
Andrews then filed the present suit against Knight and the Chairman of the Committee complaining of the Committee’s ruling and praying that the defendants be cited and that after all legal formalities be complied with there be judgment in his favor and against the defendants, decreeing that Nathaniel B. Knight, Jr., is disqualified to be a candidate at said primary election.
The matter was tried in the lower court which on June 12, 1958, within twenty-four hours after the matter was submitted, rendered and signed a judgment in favor of the defendants and against Andrews dismissing the latter’s suit at his cost.
Andrews on June 13, 1958, petitioned the trial court for an appeal from said judgment of dismissal, and on the same day was granted a suspensive appeal as prayed for returnable to the Court of Appeal for the Parish of Orleans on the 18th day of June 1958, according to law, upon appellant furnishing bond with good and solvent surety in the sum of $150.
The appellant filed the transcript or record of appeal in this court on the return day stipulated in the order of appeal, namely June 18, 1958.
Pursuant to the provisions of LSA-R.S. 18:364(E), we fixed the matter by preference for hearing on June 19, 1958. Just *551 prior to the argument of the case the ap-pellees filed a motion in this court to dismiss the appeal on the ground that “the appeal was not perfected nor was the transcript or the record of appeal filed in the appellate court within the time provided for by law, and therefore, said appeal is without legal effect and this honorable court has no legal power to disturb the judgment rendered by the court below.”
Arguments pro and con were heard on the motion to dismiss, and we are of the opinion that the motion is well taken and the appeal should be dismissed for the reason that the appellant failed to file the appeal in this court within the time required by law.
LSA-R.S. 18:307 regulates the filing of objections or protests against the application of one who seeks to become a candidate at a primary election and for judicial review of the decision or ruling of the Committee relative to such objection or protest. With reference to such judicial proceedings Paragraph C provides in part as follows:
“ * * * The jurisdiction of the court, the time within which suit must be filed, the delay for answering, the method of procedure and trial, the time within which a decision shall be rendered by the lower court, the time within which an appeal may be taken and prosecuted, and the time within which the appellate court must render a decision, shall, as far as practicable, be as is hereinafter provided for contesting elections.”
LSA-R.S. 18:364 regulates contested elections and in Paragraph E thereof will be found these provisions:
“The party cast may appeal as in other cases, on giving bond for a sum to be fixed by the court to cover cost of all courts, the emoluments of the office involved for the full term being the test of the appellate jurisdiction. However, the appeal shall be filed in the appellate court within not more than five days from the rendition of the judgment, and shall be tried on the' original record and by preference over all other cases whatsoever. The appellate court shall decide the issue within twenty-four hours after submission.” (Italics ours.)
For some reason not made known to us, the trial judge fixed as the return day for the appeal June 18, 1958, or on the sixth day after the rendition of his judgment, which obviously was erroneous. The judgment, as heretofore stated, was rendered, read and signed on June 12, 1958, and according to LSA-R.S. 18:364(E), the appeal was returnable to this court “within not more than five days from the rendition of the judgment.”
An identical state of facts existed in Jeanfrau v. Plaquemines Parish Democratic Executive Committee, 204 La. 713, 16 So.2d 241, 242, wherein it was stated by the Supreme Court:
“ * * * The right of appeal, granted 'by that subsection of the statute, is subject to the proviso that ‘said appeal shall be filed in the appellate court within not more than five days from the rendition of the judgment.’ Counting from the the 27th day of November, the first one of the five days within which the appeal should have been filed in this court was the 28th day of November, and the last one of the five days was the 2nd day of December. The appellant, therefore, was obliged to file the record of the case in the supreme court before the expiration of the 2nd day of December. * * H= ”
However, the evidence in the Jeanfrau case showed that the error in the return day was attributable to the appellant due to the fact that the order which the judge signed had been prepared by the appellant who stipulated the return day as December 3, 1943. That circumstance, it is true, is absent from the case under consideration, but we are unwilling to say that because the *552 trial judge erred in making the appeal returnable on the sixth day instead of the fifth, as the law mandates, this would grant to the appellant one additional day within which to lodge his appeal in the appellate court. Again referring to the Jeanfrau case, we find this language:
“ * * * The district judge could not legally extend the return day of the appeal to the 3d day of December, or one day beyond the time allowed by the statute. Even if the error in declaring the return day to be December 3d, instead of December 2d, had been made by the judge, we doubt that the appellant could have the benefit of the extra day; * *
In matters such as the instant one, time is of the essence, and the Legislature in its wisdom saw fit to prescribe a five-day period within which a transcript of appeal in such matter should be filed in the court having appellate jurisdiction, and clearly the district judge had no right or authority to extend the period even by the one additional day. We cannot be persuaded that appellant’s rights were in any wise prejudiced by such action of the trial judge for the simple reason it must be presumed that the appellant was cognizant of the provision of the law requiring the filing of the transcript within five days, and he was obliged, regardless of what return day was stated in the order of appeal, to file the appeal within the five-day period. Having failed to do so, he cannot defend his position on the ground that it was the trial judge, and not he, who was guilty of error.
It will be noted that one of the five days is an intervening Sunday, namely June IS, and the question occurred to us whether this day should be counted. Any doubt that a Sunday must be counted as one of the days in the term is dispelled by Bergeron v. Rappelet, 212 La. 717, 33 So. 2d 207, 208, wherein the Supreme Court was concerned with the two-day period allowed by law to plaintiff to file his suit complaining of the Committee’s decision on his protest of another’s candidacy in a primary election. The Court said:
“This Court had occasion to review the jurisprudence of this State touching the method of computing the delays allowed by law and pointed out that intervening Sundays and other legal holidays are included in computing the delays unless they are declared excluded by the statute allowing the delays, except when the last day falls on Sunday or other legal holiday. The case of Mansur v. Abraham, 183 La. 633, 164 So. 421, recognized the rule that, when the last day of a term allowed by law for taking action in a judicial proceeding falls on Sunday or any other legal holiday, action may be taken on the next day following.
“In the case of Brown v. Democratic Parish Committee of St. Bernard Parish, 183 La. 967, 165 So. 167, we construed the prescriptive period in the primary election statute strictly, and pointed out that to extend such provision would be allowing a greater time than set forth in the statute, which would be equivalent to legislating by the court. We further stated that this Court has consistently enforced the prescriptive period set out in the primary election statute.”
In view of the plain provisions of statute and the cited cases, we are constrained to grant the motion to dismiss because ot appellant’s failure to file his appeal in the appellate court within the mandatory time.
Therefore, the appeal is dismissed.
Motion sustained; appeal dismissed.
JANVIER, J., absent.