REGAN, Judge.
Plaintiff, Milton W. Janssen, instituted this suit against the defendant, Second Congressional District Democratic Executive Committee, on June 4, 1958, endeavoring to reverse the defendant’s finding, which occurred at a meeting thereof on May 31, 1958, to the effect that he had not properly qualified as a candidate for the United States House of Representatives from the Second Congressional District and that he now be found to have properly qualified for the office thereof.
The defendant pleaded various exceptions predicated on lack of jursdiction ratione personae, defective citation, lack of jurisdiction ratione materiae, no cause or right of action, and the prescription of two days as set forth in LSA-R.S. 18:307, 364, and then answered, asserting that the defendant declared plaintiff disqualified as a candidate for the nomination to office as a member of the House of Representatives of the Congress of the United States for the Second Congressional District, that this decision was promulgated by posting a copy thereof on the courthouse door in Edgard, Louisiana, Parish of St. John the Baptist at 5:20 p. m. on May 31, 1958, and that plaintiff did not appeal this decision within the time prescribed by law.
From a judgment sustaining defendant’s plea of prescription, plaintiff prosecuted an appeal to the Supreme Court, which ordered the record transferred here.[1]
The record reveals that notice of protest to his candidacy was served on the plaintiff on May 28, 1958, both at his domicile in 3216 Louisiana Avenue Parkway and his *474 law office in the Audubon Building, city of New Orleans, Louisiana. The defendant’s chairman testified that on May 30, 19S8, letters were addressed to the plaintiff at his law office and home and deposited in the United States mail, advising him that a meeting had been scheduled on May 31, 1958, at 2:00 p. m. to consider the objection to his candidacy.
Defendant, after unanimously voting to disqualify plaintiff on May 31,1958, promulgated its decision by having a Deputy Sheriff of the Parish of St. John the Baptist post a copy thereof on the courthouse door in Edgard, Louisiana, at 5:20 p. m. of the same day.
On June 4, 1958, plaintiff instituted this suit to reverse the defendant’s decision.
Plaintiff insists that since he did not receive the notice of the meeting at which the objection to his candidacy was presented until June 2, 1958, because of the intervening holiday of May 30, 1958, and the fact that he was absent from the state, his suit instituted on June 4, 1958, contesting the results of the meeting was filed within two days, the time limitation prescribed by LSA-R.S. 18:307, 364; all of which plaintiff asserts is more fully interpreted by the rationale enunciated in the case of Prejean v. East Baton Rouge Parish Democratic Executive Committee.[2]
In ruling on one of several exceptions pleaded by the defendant in the Prejean case the court expressed the opinion that failure to comply with LSA-R.S. 18:307, subd. B which gives the person whose candidacy is protested 48 hours to answer the objection[3] to his candidacy does not prevent an appeal to the courts to contest the committee’s decision. However, Prejean had actually complied with the provisions of the foregoing sections of the statute since he had filed his suit on the- second day after the committee had ordered him disqualified. Therefore, this case obviously is not encompassed by the ratio decidendi of the Prejean case.
By virtue of the provisions of LSA-R.S. 18:307, 364, plaintiff was required to file any contest of defendant’s action disqualifying him as a candidate not later than Monday, June 2, 1958, the intervening Sunday, June 1, 1958, being included in computing the time for filing suit.[4] Therefore, we are of the opinion that the judgment of the lower court maintaining the plea of prescription is correct.
In view of our conclusion that the plea of prescription is well founded in law, it would be a useless gesture to consider any of the other exceptions filed herein by the defendant.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent.

. 103 So.2d 472.

. 1944, 206 La. 658, 19 So.2d 376.

. Prejean had no notice of the protest.

.Bergeron v. Rappelet, 1947, 212 La. 717, 33 So.2d 207.